# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JOHN POLLY #0045113,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3:25-cv-01338 |
| v. ) | |
| ) | |
| **STATE OF TENNESSEE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

John Polly, an inmate of the Rutherford County Sheriff's Office in Murfreesboro, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2).

## I. FILING FEE

The Court must first resolve the filing fee. Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application (Doc. No. 2), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

1

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Rutherford County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The Court now turns to the required PLRA screening of the complaint. Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The Court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Facts Alleged in the Complaint

The complaint alleges that, in 2020, while incarcerated at the Riverbend Maximum Security Institution, Plaintiff was "put on a lab computer against [his] will because [Plaintiff] was a sex offender and masturbated on a bunch of staff." (Doc. No. 1 at 5). The computer "controlled some kind of substance or chemical that creates images of people places and things and the substance is moved through the air and it goes into [his] body – ears, skin, eye lids, rectum." (Id.)

3

This "air or substance" shocked Plaintiff's body, and he believes it could burn him, cause him to choke, and enter his ears "to degrade[]" him. (Id.)

The complaint alleges that these actions constitute cruel and unusual punishment and that "they" also read Plaintiff's mind "against his will" due to his "shameful past." (Id.)

**B. Analysis**

The complaint names as Defendants the State of Tennessee, "the Department of Corrections", Riverbend Maximum Security Institution, and "All Wardens and others." (Doc. No. 1).

To state a Section 1983 claim, a plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original); see also Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002). "[F]or a plaintiff who alleges unconstitutional conduct by multiple defendants to pass the Iqbal/Twombly hurdle, the plaintiff must identify 'with particularity' what each defendant allegedly did in connection with that unconstitutional conduct." Childress v. City of Cincinnati, Ohio, 765 F. Supp.3d 662, 689 (S.D. Ohio 2025) (quoting Moore v. Whitmer, No. 21-1755, 2022 WL 18862075, at *2 (6th Cir. Aug. 12, 2022)).

Here, the complaint falls well short of the particularity requirement. Not only does the complaint fail to identify "with particularity" what each individual allegedly did to violate Plaintiff's federal constitutional rights, the complaint fails to identify any of the Wardens or persons by name, referring to them as "All Wardens and others." (Doc. No. 1 at 1-2). Thus, the complaint fails to state viable Section 1983 claims against these unnamed individuals.

4

Next, Riverbend Maximum Security Institution is a building; it is not a "person" who can be sued under 42 U.S.C. § 1983. Plemons v. CoreCivic Admin. Headquarters, No. 3:18-cv-00498, 2018 WL 4094816, at *3 (M.D. Tenn. Aug. 28, 2018) (quoting McIntosh v. Camp Brighton, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under Section 1983)). Thus, the complaint fails to state a Section 1983 claim upon which relief can be granted against Riverbend Maximum Security Institution, and all claims against Riverbend Maximum Security Institution will be dismissed.

The Eleventh Amendment to the United States Constitution bars Section 1983 claims against a State or any arm of a State government. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). Thus, Plaintiff's claims against the State of Tennessee must be dismissed.

By naming "the Department of Corrections" as a Defendant, the Court presumes that Plaintiff intends to sue the Tennessee Department of Correction ("TDOC"), the entity responsible for operating Riverbend Maximum Security Institution. TDOC is considered part of the State of Tennessee for purposes of federal civil rights claims and therefore is not a suable entity under Section 1983, either for damages or injunctive relief. See Hix v. Tenn. Dep't of Corrs., 196 F. App'x 350, 355 (6th Cir. 2006) ("The TDOC is not a 'person' within the meaning of § 1983, and is therefore not a proper defendant.") (citing Will, 491 U.S. 58, 64). Thus, Plaintiff's claims against TDOC must be dismissed because TDOC is immune from suit.

Even if the complaint had named a viable Defendant, the complaint would still subject to dismissal because the event about which Plaintiff complains occurred outside of the governing statute of limitations for Section 1983 claims. The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated §

28-3-104(a). Porter v. Brown, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000). It is the court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." Standridge v. Tenn. Dep't of Children's Servs., No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, because the alleged precipitating events occurred well over one year before Plaintiff filed his complaint on November 9, 2025—on a unspecified date in 2020—and because Plaintiff was aware of his claimed injuries at the time of those events, Plaintiff's claims concerning these events are barred by the governing statute of limitations for Section 1983 claims. Accordingly, this case is subject to dismissal for that reason, too.

## III. CONCLUSION

Having conducted the screening of the complaint required by PLRA, the Court finds that the complaint fails to state claims upon which relief can be granted under Section 1983. Thus, all claims are **DISMISSED**. Alternatively, the case is dismissed for having been filed outside the governing statute of limitations period.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE